Booth, Chief Justice,
delivered the opinion of the court:
The plaintiffs’ cause of action is dependent upon an allegation of breach of contract. The facts set forth in the petition are as follows:
Plaintiffs, residents of Oakland, California, leased to the Government a building to be used as a substation post office for a period of years beginning August 1, 1926, and « terminating June 30, 1936. The building was located in Oakland and the rental to be paid was at the rate of $3,420.00 per annum, payable quarterly. The lease was concluded subsequent to the submission of a printed proposal sent to plaintiffs by the Post Office Department. The proposal which plaintiffs signed contained, among other provisions, this important one, that the proposal was to be submitted “ subject to the provisions of the form of lease used by the Post Office Department.”
It is not denied in plaintiffs’ petition that the lease executed for plaintiffs was in fact the form of lease used by the Post Office Department. The single issue in the case is confined to paragraph 10 (a.) of the lease, which reads as follows:
“ This lease may be terminated upon ninety days’ notice in writing to the Lessor whenever the Post Office Depart *578 ment shall decide to move the office into a Government-owned building which shall have been provided for it.”
The Government, proceeding under this paragraph of the lease, canceled the same January 1, 1933, and this suit is for the recovery of $11,970.00 alleged damages suffered in loss of rent for the period from January 1, 1933, to June ■30, 1936.
The defendant files a plea in bar, and avers therein that the Government under the lease and the facts alleged proceeded within its legal rights, which for the purposes of this ■case, from the facts averred, we treat as a demurrer.
The plaintiffs rest the case upon the alleged fact that the Government discontinued substation “ B ”, abandoned the same, and without erecting or providing a Federal building for the accommodation of the activities of substation “ B ”, moved the same into the new Federal post-office building, wherein were centered all the postal activities for the city of Oakland, and that what was done was contrary to any right of cancellation given in the lease. This contention is supported by an argument predicated upon the strict and literal meaning of the words used in the lease.
Plaintiffs cite the meaning of the word “ move ” as “ to cause to change places * * * ”, and “ abandon ” and “ discontinuance ” as “ to discontinue, relinquish, give up, leave, and quit.” The word “ move ”, in connection with the remaining words of the lease, it is claimed, was used advisedly and does not confer a right to cancel the lease upon an abandonment of the station as it is claimed was done.
The difficulty the court encounters in giving decisive weight to the contention is the fact that insofar as the actual facts alleged disclose, we cannot say that the Post Office Department did abandon and discontinue the postal activities which had formerly been carried on in plaintiffs’ building when a decision was reached to transfer the same to the new Federal building. It is true, of course, that insofar as plaintiffs’ building is concerned, it was vacated after giving the requisite notice of intention so to do, and the postal facilities *579 available to the public and the department from that station were discontinued, but obviously the lease did not unreservedly obligate the Government to continue a substation in the plaintiffs’ building or even in that particular section of the city for ten years. So far as the court is at present advised, the same activities as prevailed from the substation continued from the Federal building. One, we apprehend, is the equal of the other, irrespective of location of performance. The difference is attributable to public convenience and perhaps economy. In detail it is similar in all respects, wherever conducted.
The Government constructed in Oakland a new Federal building deemed sufficient to care for the postal activities essential to be carried on there; into this building the Government undoubtedly moved the Post Office station known as substation “ B.” The fact that the Post Office Department did so clearly indicates that one of the reasons for so doing, in addition to economical ones, was that the new building was constructed with a view of accommodating all the postal activities incident to the service for Oakland. The lease warned the lessors that precisely what happened might happen, and the reserved right of cancellation conferred, we think, upon the Government the right to move into quarters owned by it all postal activities theretofore conducted elsewhere for any reason the Post Office Department might deem proper.
We are unable to reach a conclusion that the cancellation clause limited the right of removal to a building Government-owned, devoted to the activities of substation “ BN When a Federal building is erected, the presumption is that the purpose is to accommodate Federal activities in that locality, of which mail service is one.
We think the allegations of the petition fail to state a cause of action, and the petition will be dismissed. It is so ordered.
Whalet, Judge; Williams, Judge; LittletoN, Judge; and GeeeN, Judge, concur.