Whaley, Judge,
delivered the opinion of the court:
Plaintiff rented certain of his premises to the Government for a postal substation in Indianapolis. The needs of the *716 community it served outgrew the station and larger quarters were necessary before the ten-year term expired. After four years’ occupancy the Postmaster General accordingly secured new quarters and canceled plaintiff’s lease.
The contract placed with the Postmaster General the right to decide when the needs of the postal service required the cancellation of the lease. Without clear proof of an arbitrary or capricious exercise of this authority given him by the terms of the lease, it is to be assumed that his sound discretion and prudent judgment were exercised. There is no proof of any bad faith, arbitrary or capricious action on the part of the high officer of the Government in terminating the lease.The evidence shows prudent foresight for the rapidly expanding business of the substation.
Cancellation under such circumstances was authorized by the contract and did not constitute a breach thereof.
There is nothing to show that alteration of the building by installing a skylight for the purpose of providing adequate light and ventilation was an unreasonable requirement. Plaintiff furnished the skylight and the record shows no promise by the defendant to reimburse the plaintiff therefor. The furnishing of additional equipment was plaintiff’s duty under the contract, and this was to be without increase of rental.
The petition is dismissed. It is so ordered.
Williams, Judge; LittletoN, Judge; GREEN, Judge; and Booth, Chief Justice, concur.