## NORTH & JUDD MFG. CO. v. UNITED STATES.

### No. 47555.

United States Court of Claims.
July 11, 1949.

Nathan H. David, of Washington, D. C., for plaintiff.

Donald B. MacGuineas, of Washington, D. C., and H. G. Morison, Asst. Atty. Gen. (Benton C. Tolley, of Washington, D. C., on the brief), for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN, and HOWELL, Judges.

LITTLETON, Judge.

On February 15, 1946, the plaintiff and the defendant, acting through the War Assets Corporation, entered into a "Sales agreement," No. BOS8933, covering certain surplus property consisting of 954,524 pounds of 3¾ x .033 WD 1045 Special Requirement Quality cold rolled strip steel. The property was sold, subject to the terms and conditions of the agreement f. o. b. Springfield Depot Warehouse. The sale price agreed upon was three cents per pound, or a total price of $29,124.25. At the time of this agreement and at all times thereafter, title to this steel, except 536,989 pounds thereof delivered to plaintiff between February 15 and March 14, 1946, was in the Springfield Armory of the War Department at Springfield, Massachusetts. The contract between the parties consisted of the acceptance by plaintiff of an "offer of sale" prepared by the War Assets Corporation on Reconstruction Finance Corporation standard printed form of "Sales Agreement." Paragraph (3) of the "terms and conditions" of the agreement provided that "Unless otherwise agreed upon, the purchaser shall accept delivery of the property listed herein and issue shipping instructions within ten (10) days from the date of sale." The agreement also provided that the total price of $29,124.25 was to be paid within 30 days. Paragraph (6) of the "terms and conditions" of the agreement provided that "Title shall pass upon delivery to purchaser or to common carrier in accordance with purchaser's instructions." The sales agreement further provided in paragraph (7) that "Offered property subject to prior sale or withdrawal, prior to delivery to purchaser, without notice." The "withdrawal" referred to had reference to withdrawal from surplus and from delivery under the sales agreement. Paragraph (10) of the agreement provided that "Any other terms or conditions, or variations from aforesaid terms, must be agreed to in writing by seller and purchaser."

Plaintiff paid to the War Assets Corporation the total price of $29,124.25 on March 12, 1946, but the record does not show that plaintiff gave the Springfield Armory an order for delivery or instructions to ship any portion of the 417,535 pounds undelivered steel here involved. The agreement required plaintiff to "send delivery order to M. E. Nicholson, Capt., Ordn., Springfield Armory, Springfield 1, Mass."

As shown in finding 8, the Springfield Armory notified the War Assets Corporation that it desired to withdraw from surplus and delivery 417,535 pounds of the steel covered by the sales agreement of February 15, 1946, on the ground that such steel was urgently needed to meet unpredictable requirements for rifle clips; that is to say, army requirements which were

not predictable at the time the steel was declared to be surplus property. Request was made that the sales agreement be canceled as to the undelivered portion of the steel covered thereby under paragraphs (6) and (7) of the terms and conditions thereof. This request was granted and on March 20, 1946, the War Assets Administration advised plaintiff by telegram that "In accordance with condition 7 sales agreement No. 8933 undelivered rolled steel purchased by you has been withdrawn from sale by owning Federal agency." The portion of the total price applicable to the 417,535 pounds of steel theretofore paid by plaintiff was refunded.

From the foregoing statement of the facts and the terms and conditions of the sales agreement, we think it is clear that defendant reserved the right to cancel the contract as to any undelivered portion of the steel, and that its action in doing so cannot be held to have been a breach of the contract entitling plaintiff to damages. Erie Coal & Coke Co. v. United States, 266 U.S. 518, 45 S.Ct. 181, 69 L.Ed. 417; Hightower v. United States, 80 Ct.Cl. 712; Postnikoff v. United States, 78 Ct.Cl. 576. The terms of the contract with reference to withdrawal of the steel from surplus and retention thereof by the owning agency prior to delivery, was in accordance with the spirit and purpose of the Surplus Property Act of 1944, 58 Stat. 765, 768, 50 U.S. C.A. Appendix, §§ 1611 et seq., 1615, which provided in part that "The activities of the Board[1] [Surplus Property Board] shall be coordinated with the programs of the armed forces of the United States in the interests of the war effort. Until peace is concluded the needs of the armed forces are hereby declared and shall remain paramount."

Plaintiff makes a number of arguments in support of its interpretation of para-graph 7 of the agreement, in which it attempts to show that this paragraph, relating to withdrawal of the property before delivery, did not mean what it appears on its face to state. Plaintiff says (1) that the phrase "offered property" shows that paragraph 7 was not intended to give defendant the right to withdraw any of the steel from delivery after it had accepted the offer of sale and a contract had come into existence; (2) that there had been a constructive delivery; (3) that the word "delivery" in paragraph 7, really meant "offer of sale"; (4) that even if paragraph 7 gave defendant the right to withdraw the steel and terminate the contract as to any undelivered portion, it cannot be applied here because there could not have been a withdrawal of the steel if defendant had not previously breached the contract by failing to deliver the steel within ten days from February 15; and (5) that defendant's interpretation of paragraph 7 renders the contract illusory. In view of what we have already said with reference to the various provisions of the agreement, we do not deem it necessary to discuss these arguments, first, because we do not think they are sound, and, secondly, because paragraph 10 of the agreement required that "Any * * * variations from the aforesaid terms must be agreed to in writing." This can only mean that the provisions of paragraph 7 are to be interpreted in accordance with the ordinary and natural meaning of the language used, as applied to the subject matter of the agreement and the circumstances surrounding the transaction.

Plaintiff is not entitled to recover, and its petition is dismissed. It is so ordered.

JONES, Chief Judge, and HOWELL, MADDEN, and WHITAKER, Judges, concur.

---

[1] Executive Order 9689, January 31, 1946, 50 U.S.C.A.Appendix, § 1614a, note, 11 F.R. 1265, transferred the functions of the Surplus Property Administration to the War Assets Corporation.